# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

|  |  |  |
|---|---|---|
| CITY OF LOUDON, TENNESSEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-195 |
| | ) | |
| IMCO RECYCLING OF LOUDON, INC. and | ) | |
| IMCO RECYCLING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

For its answer to the Complaint, defendant Aleris International, Inc., f/k/a IMCO Recycling Inc., admits, denies and alleges as follows:

1.    Admits the allegations of the first sentence of Paragraph 1. The remaining allegations of Paragraph 1 do not require a response, but to the extent a response is required, they are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

2.    Denies the allegations of Paragraph 2 as to IMCO Recycling of Loudon, Inc. which is a defunct corporation. Since 1997, operations at the plant in question have been conducted solely in the name of IMCO Recycling Inc., now called Aleris International, Inc., a Delaware corporation with its principal place of business in Irving, Texas.

3.    Admits the allegations of Paragraph 3.

4.    Admits the allegations of Paragraph 4.

5.    Denies the allegations of Paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

1

6.     The allegation as to what plaintiff says is not an allegation of material fact and does not require a response.  To the extent the allegations of Paragraph 6 are deemed to be allegations of material fact, *i.e.* that defendants received substantially more gas during the period April 2002 to January 2004 than the amount for which they were being charged, knew about it, and remained silent, the allegations are denied.

7.     Denies the allegations of Paragraph 7.

8.     The allegation as to what plaintiff says is not an allegation of material fact and does not require a response.  To the extent the allegations of Paragraph 8 are deemed to be allegations of material fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.     The allegations of Paragraph 9 are conclusions of law not requiring a response, but to the extent they may be deemed to be allegations of material fact, they are denied.

10.     The allegations of Paragraph 10 are merely a statement of the relief sought by plaintiff and do not require a response, but to the extent they may be deemed to be allegations of material fact, they are denied.

11.     Denies each and every allegation of material fact in the complaint not expressly admitted above.

12.     Denies that plaintiff is entitled to any relief whatsoever.

### First Affirmative Defense

13.     The complaint fails to state a claim upon which relief may be granted.  Plaintiff has no claim for unjust enrichment because a contract exists between the parties for the delivery of gas.  Plaintiff has no breach of contract claim because plaintiff has not, and cannot, allege that defendant has failed or refused to pay any invoice duly submitted pursuant to the contract.

2

## Second Affirmative Defense

14.     Plaintiff has been paid for all gas for which it has been invoiced pursuant to the contract between the parties and has no obligation to pay for gas for which it has not been billed.

## Third Affirmative Defense

15.     The alternate line referenced in Paragraph 4 of the complaint was under the sole and exclusive control of plaintiff. It could be used only by opening a valve that belonged to plaintiff and which was kept locked by plaintiff. At no time did defendant have a key to the lock on the valve or any other means of opening the valve.

16.     Defendant was not notified by plaintiff when plaintiff opened or closed the valve to access the alternate line. Defendant had no reason or obligation to monitor when plaintiff chose to open its own valve and to use its alternate line.

17.     In the period immediately prior to and in the period following April 2002, defendant completed several improvements in their facility designed to improve efficiency and to reduce gas consumption. Defendant also discontinued the use of one furnace for a period of time. Defendant believed and believes that any apparent decline in historical levels of gas consumption is attributable to these causes and not to the receipt of significant quantities of unmetered gas.

18.     Defendant's agreement with plaintiff required plaintiff to monitor accurately the amount of gas delivered to defendant and to bill defendant monthly for all gas consumed. In reliance upon plaintiff's agreement to monitor accurately the amount of gas delivered to defendant, defendant neither maintained nor installed any back-up metering systems that would permit it to check the accuracy of the amounts for which it was being billed.

3

K SGA 174221 v1
0-0 04/11/2005

19.     In reliance upon plaintiff's assurance that its invoices accurately represented the amount of gas consumed by defendant, defendant in good faith paid each monthly invoice submitted.

20.     By reason of its control over the alternate line, plaintiff had knowledge of those occasions, if any, when its invoices to defendant misstated the amount of gas delivered to defendant. Defendant had no such knowledge. Defendant relied to its detriment on the accuracy of plaintiff's representations as to the amount of gas delivered, and plaintiff is estopped to claim now that its invoices were untrue.

### Fourth Affirmative Defense

21.     Defendant repeats and realleges the allegations of Paragraphs 15 through 20 above.

22.     Plaintiff has waived its right to payment for any gas delivered to defendant during the period April 2002 to January 2004 for which plaintiff failed to bill defendant in accordance with the contract.

WHEREFORE, defendant demands that the complaint be dismissed and that it be granted such other and further relief as may be just and proper.

<div style="margin-left: 50%;">

s/Stephen G. Anderson

Stephen G. Anderson, BPR #011955
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
2200 Riverview Tower
900 South Gay Street
Post Office Box 1792
Knoxville, Tennessee 37901
(865) 549-7000

Counsel for Aleris International, Inc., f/k/a
IMCO Recycling Inc.

</div>

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 15, 2005 a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/Stephen G. Anderson
Stephen G. Anderson

K SGA 174221 v1
0-0 04/11/2005